

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/13/2013

| | | |
|---|---|---|
| IN RE: | § § | |
| QUALITY INFUSION CARE, INC. | § § | Case No. 10-36675 |
| | § | Chapter 7 |
| Debtor. | § § | Judge Bohm |

| | | |
|---|---|---|
| RANDY W. WILLIAMS, CHAPTER 7 TRUSTEE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 12-03341 |
| PATRICIA D. SALVATO, M.D., and DIVERSIFIED MEDICAL PRACTICE, P.A., | § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT RECOMMINDING THAT IT WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING**
[Adv. Doc. No. 18]

## I. INTRODUCTION

In this Adversary Proceeding, Randy Williams, the Chapter 7 Trustee (the Trustee), has asserted claims to avoid and recover alleged preferential and fraudulent transfers pursuant to the Bankruptcy Code and Texas state law and to recover amounts owed on a loan. The defendants have requested a trial by jury and moved for withdrawal of the reference of this Adversary Proceeding. The Trustee has withdrawn his opposition to both jury demands and withdrawal of the reference.

1

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND OF THE BANKRUPTCY CASE AND ADVERSARY PROCEEDING

1. On August 3, 2010, Quality Infusion Care, Inc. (the Debtor), filed a Chapter 11 voluntary petition. [Main Case, No. 10-36675, Doc. No. 1].

2. On January 21, 2011, the Court converted the Debtor's case to one under chapter 7.

3. On August 1, 2012, the Trustee filed his Original Complaint (the Complaint). [Adv. Doc. No. 1]. In the Complaint, the Trustee alleges the following: (1) preferential transfers pursuant to 11 U.S.C. § 547; (2) fraudulent transfers pursuant to 11 U.S.C. § 548; (3) fraudulent transfers pursuant to TUFTA (as allowed under 11 U.S.C. § 544); and (4) suit to recover amounts owed on loans.

4. On November 6, 2012, Diversified Medical Practice, P.A., and Patricia D. Salvato, M.D. (the "Defendants") filed an answer to the Complaint and an accompanying jury demand [Adv. Doc. No. 15 and 17]. The Defendants also filed a motion to withdraw the reference. [Adv. Doc. No. 18].[1]

5. On November 27, 2012 the Trustee objected to the motion to withdraw reference filed by the Defendants. [Adv. Doc. No. 21].

6. On November 27, 2012, the Trustee filed his First Amended Complaint (the Amended Complaint). [Adv. Doc. No. 19].

7. On January 24, 2013, the Court held a hearing on the motion to withdraw reference. At the beginning of the hearing, the Trustee withdrew his opposition to the motion to withdraw reference by the Defendants. The Court now makes this Report and Recommendation.

---

[1] The Defendant also filed a motion to dismiss the Complaint. [Adv. Doc. No. 14].

2

### III. THIS COURT RECOMMENDS THAT THE DISTRICT COURT WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING

**A.      Mandatory Withdrawal of the Reference**

Under General Order 2005-6 of the United States District Court for the Southern District of Texas, authorized by 28 U.S.C. § 157(a), "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to bankruptcy judges of this District." 28 U.S.C. § 157(d) provides for both mandatory and permissive withdrawal of the reference by district courts. *See* 28 U.S.C. § 157(d). Section 157(d) requires mandatory withdrawal of the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

Neither party has pled causes of action involving federal law outside of the Bankruptcy Code. Therefore, mandatory withdrawal does not apply to this Adversary Proceeding.

**B.      Permissive Withdrawal of the Reference**

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Fifth Circuit has held that district courts should decide "cause" for permissive withdrawal of the reference by considering whether: (1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial. *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985) (discussed in *Tow v. Speer, et al. (In re Royce Homes, L.P.)*, No. 11-03191 (Bankr. S.D. Tex. October 13, 2011)). A review of these factors weighs in favor of withdrawal of the reference by the district court.

3

### 1. The first factor: the underlying lawsuit is a core proceeding

The Trustee has brought causes of action against the Defendants under 11 U.S.C. §§ 547 and 550 and under TUFTA. Proceedings to avoid and recover allegedly preferential or fraudulent transfers are statutorily-defined core proceedings. 28 U.S.C. § 157(b)(2)(F) and (H); *see Johnson v. Williamson (In re British American Properties III, Ltd.)*, 369 B.R. 322, 326-327 (Bankr. S.D. Tex. 2007). Accordingly, the Adversary Proceeding is a core proceeding. The first factor weighs against withdrawal of the reference.

### 2. The second factor: uniformity in bankruptcy administration will be promoted

"If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration." *British American Properties III*, 369 B.R. at 327; *see Palmer & Palmer, P.C. v. U.S. Trustee (In re Hargis)*, 246 B.R. 173, 176 (N.D. Tex. 1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992).

In considering the second factor, this Court has previously examined two Reports and Recommendations on withdrawal of reference prepared by this Court. *Waldron v. Nat. Union Fire Ins. Co. of Pittsburgh, PA (In re EbaseOne Corp.)*, 2006 WL 2405732, No. 01-31527, Adv. No. 06-3197, at *4 (Bankr. S.D. Tex. June 14, 2006); *Veldekens v. GE HFS, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 867-68 (Bankr. S.D. Tex. 2006) (discussed in *Royce Homes* and *British American Properties III*). In *EbaseOne*, this Court observed that it had not reached any substantive issues in the adversary proceeding because the motion to withdraw reference was filed shortly after the complaint. Because it had not reached a significant level of familiarity with the case, the Court concluded that the second factor favored withdrawal. In contrast, in *Doctors Hospital*, this Court had conducted multiple extended hearings on an application for

4

preliminary injunction and several motions for summary judgment. The Court determined that it had reached a significant level of familiarity with the underlying facts of the adversary proceeding and that withdrawal of the reference would disrupt the uniformity of bankruptcy administration.

Of these two examples, the present facts are closer to *EbaseOne*. The Court has held few hearings since the Trustee filed his Complaint, and none of these hearings concerned dispositive issues. The Court has neither invested a substantial amount of time and resources nor made any dispositive rulings in the Adversary Proceeding. Furthermore, the Trustee has withdrawn his opposition to the withdrawal of the reference. Therefore, the second factor favors withdrawal of the reference.

### 3. The third factor: forum shopping and confusion will be reduced

The Trustee initiated this Adversary Proceeding before this Court. The Defendants did not participate in the bankruptcy proceeding before the Trustee filed suit against them. United States District Judge Kenneth M. Hoyt has previously observed that "[i]n some sense, any party who objects to Bankruptcy Court adjudication is forum shopping." *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 769 (S.D. Tex. 2007) (quoted in *Royce Homes*). "A good faith claim of right . . . should not on that basis alone be denied as forum shopping." *Id.* The Defendants are entitled to and have requested a jury trial. Nothing in the record indicates that the Defendants are forum shopping.

In order to reduce confusion, the Court believes that immediate withdrawal of the reference is proper. The Trustee's Amended Complaint alleges multiple transfers to the Defendants. Considering the numerous transactions involved, immediate withdrawal of the reference will minimize confusion. The third factor favors withdrawal of the reference.

### 4. The fourth factor: economical use of debtor's and creditors' resources will be fostered

Bankruptcy aims to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation. *Plan Admin'r v. Lone Star RV Sale, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55 (N.D. Ill. 2005). However, "the fact that a given law or procedure is efficient . . . will not save it if it is contrary to the Constitution." *Stern v. Marshall*, 564 U.S. ----, 131 S.Ct. 2594, 2619, 180 L.Ed.2d 475 (2011) (quoting *INS v. Chadha*, 462 U.S. 919, 944, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983)). Here, the Defendants have not filed a proof of claim against the Debtor's Estate. The Constitution both guarantees a jury trial to the defendants and requires an Article III court to adjudicate the claims against them. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54-55 and 64, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *In re Bellingham Ins. Agency, Inc.*, --- F.3d ----, 2012 WL 6013836 at *9, Case No. 11-35162 (9th Cir. Dec. 4, 2012). Accordingly, the interests of judicial economy and conservation of resources dictate that reference should be withdrawn for the Defendants. The fourth factor favors withdrawal of the reference.

### 5. The fifth factor: the bankruptcy process will be expedited

"A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case." *British American Properties III*, 369 B.R. at 328 (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)). When a bankruptcy court is unable to conduct a jury trial, leaving the suit in bankruptcy court necessitates *de novo* review by a district court, which in turn delays both the final resolution of the dispute and distributions to creditors in the main case. *Id.* If the District Court withdraws the reference, it may immediately enter a final judgment, thereby

expediting the bankruptcy process. The fifth factor weights heavily in favor of withdrawal of the reference.

### 6. The sixth factor: a party has demanded a jury trial

"A party against whom legal action has been brought to recover monetary damages and who has never filed a claim against the estate is entitled to a jury trial under the constitutional mandates of the Seventh Amendment to the United States Constitution, notwithstanding Congress' characterization of the action as a core proceeding." *In re Nu Van Tech., Inc.*, No. 01-49589, 2003 WL 23785355, at *2 (N.D. Tex. Oct. 14, 2003) (unreported opinion). The Defendants have demanded a jury trial, and are entitled to one. *Granfinanciera*, 492 U.S. at 64, discussed *supra*. The sixth factor weighs heavily in favor of withdrawal of the reference.

### IV. CONCLUSION

The Court believes that five of the six *Holland America* factors favor withdrawal of the reference by the District Court. Because cause exists under 28 U.S.C. § 157(d), the Court recommends that the District Court immediately withdraw the reference of the adversary proceeding.

Dated February 13, 2013.

Jeff Bohm
United States Bankruptcy Judge

Agreed to in form:

_____
Leonard Simon
Texas Bar No. 18387400
Southern District Bar No. 8200
Attorney-in-Charge for Diversified Medical Practice, P.A.
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Telephone: 713.737.8207
Facsimile: 832.202.2810


_____ by LHS with permission
Joshua W. Wolfshohl
Texas Bar No. 24038592
Attorney-in-Charge for Randy W.
Williams, Trustee
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: 713.226.6000
Facsimile: 713.228-1331