IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| QUALITY INFUSION CARE, INC. | § | Bankruptcy Case No. 10-36675 |
| | § | |
| Debtor. | § | |
| | § | |
| RANDY W. WILLIAMS | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | Civil Case No. H-13-0421 |
| | § | |
| vs. | § | Adversary No. 12-3341 |
| | § | |
| PATRICIA D. SALVATO, M.D. and | § | JURY DEMANDED |
| DIVERSIFIED MEDICAL PRACTICE, P.A. | § | |
| | § | |
| Defendants. | § | |

**FIRST AMENDED ANSWER OF PATRICIA D. SALVATO, M.D.
TO TRUSTEE'S FIRST AMENDED COMPLAINT**
**[Refers to Docket # ___]**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Patricia D. Salvato, M.D. (the "Defendant") files her First Amended Answer to the Trustee's First Amended Complaint (the "Complaint"). Paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint.

### I. Parties and Jurisdiction

1. Paragraph 1 of the Complaint is Trustee's notice that he may be served through the counsel who signed the Complaint. No response is necessary or required.

1

2. Defendant admits the factual allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that the United States District Court for the Southern District of Texas, Houston Division has jurisdiction over this proceeding.

4. Defendant denies that this adversary is a core proceeding. The balance of the allegations contained in paragraph 4 of the Complaint is moot.

5. Defendant admits the factual allegations contained in paragraph 5 of the Complaint.

### Summary of the Trustee's Complaint

6. Paragraph 6 of the Complaint is in the form of a prayer for relief to which no responsive pleading may be framed. However, to the extent that paragraph 6 of the Complaint contains factual allegations, same are denied.

### Statement of Relevant Facts

7. Defendant admits the factual allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint. Defendant denies that QIC issued a loan to her in the amount of $364,537.00.

9. Defendant denies the factual allegations contained in paragraph 9 of the Complaint.

10. Defendant denies that she received any of the payments referenced in paragraph 10 of the Complaint, and further denies the remaining factual allegations in paragraph 10 of the Complaint.

11. Defendant denies the factual allegations contained in paragraph 11 of the Complaint.

### Suit to Recover Amounts Owed on the Loan

12. Defendant denies that QIC ever made a loan to her, and denies that the Trustee is entitled to payment of any money under the alleged loan. Defendant denies that there is any principal balance owed by her.

### Attorney's Fees, Interest and Cost

13. Paragraph 13 is the in form of a prayer of relief to which no responsive pleading may be framed, however, to the extent said paragraph contains factual allegations, same are denied.

### Fraudulent Transfers Under 11 U.S.C. § 547

14. Defendant denies that she received any payments from QIC within ninety (90) days of the QIC petition date. Defendant specifically denies the remaining factual allegations contained in paragraph 14.

15. Defendant denies the factual allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the factual allegations contained in paragraph 16 of the Complaint.

### Fraudulent Transfers Under 11 U.S.C. § 548

17. Defendant denies that she received any payments from QIC within two (2) years prior to the QIC petition date. Defendant denies the remaining factual allegations contained in paragraph 17.

18. Defendant denies that she received any payments from QIC within two (2) years prior to the QIC petition date. Defendant denies the remaining factual allegations contained in paragraph 18 of the Complaint.

### Fraudulent Transfers Under Texas Law

19. Defendant denies that she received any payments from QIC within four (4) years prior to the QIC petition date. Defendant denies the remaining factual allegations contained in paragraph 19.

20. Defendant denies the factual allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint is in the form of a prayer of relief, to which no responsive pleading may be framed. However, to the extent said paragraph contains factual allegations, same are denied.

### Attorney's Fees

22. Paragraph 22 is in the form of a prayer for relief to which no responsive pleading may be framed, however, to the extent said paragraph contains factual allegations, same are denied.

### Request for Pre- and Post-Judgment Interest

23. Paragraph 23 is in the form of a prayer for relief to which no responsive pleading may be framed. However, to the extent said paragraph contains factual allegations, same are denied.

### Prayer

24. Defendant denies the allegations contained in prayer for relief.

### Defenses

25. Each of the following affirmative defenses, specific denials, assertions and avoidance, and offenses, are plead in the alternative to each other and to all parts of this answer.

### Affirmative Defenses

26. Defendant denies that she received any payments from QIC.

27. Trustee's claims are barred, in whole or in part, by the applicable statutes of limitations.

28. Defendant affirmatively pleads the following in response to Trustee's fraudulent transfer of claim under 11 U.S.C. § 548 and applicable state law and preferential transfer claims under 11 U.S.C. § 547.

   a. Defendant asserts that the fraudulent transfer claims made against her under 11 U.S.C. § 547 are barred, in whole or in part, because it is entitled to protections of 11 U.S.C. 11 U.S.C. § 547(c)(1). The Debtor and the Defendant intended for certain transfers to be contemporaneous exchanges for new value given to the Debtor, and those transfers were in fact substantially contemporaneous exchanges.

b. Defendant asserts that the fraudulent transfer claims made against her under 11 U.S.C. § 547 are barred, in whole or in part, because it is entitled to the protections of 11 U.S.C. § 547(c)(2). Certain transfers at issued were made on account of debt incurred in the ordinary course of business or financial affairs of the Debtor and Defendant, and those transfers were (1) made in the ordinary course of business or financial affairs of the Debtor and the Defendant or (2) made according to ordinary business terms.

c. Defendant asserts that the fraudulent transfer claims brought against her under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because the Debtor lacked the requisite actual intent to hinder, delay, or defraud any entity. *See* 11 U.S.C. § 548(a)(1)(A) and . TEX. BUS. & COMM. CODE § 24.005(a)(1).

d. Defendant asserts that the fraudulent transfer claims brought against her under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because of the receipt of reasonably equivalent value, including the discharge on an antecedent debt. *See* 11 U.S.C. § 548(a)(1)(B)(i) and TEX. BUS. & COMM. CODE § 24.005(a)(2).

e. Defendant asserts that the fraudulent transfer claims brought against her under 11 U.S.C. § 548 and applicable state law and preferential transfer claim brought against her under 11 U.S.C. § 547 are barred, in whole or in part, because Debtor was not insolvent on the date the transfers were made. Moreover, Debtor did not become insolvent as a result of such transfers. *See* 11 U.S.C. § 548 (a)(1)(B)(ii).

f. Defendant asserts that the fraudulent transfer claims brought against her under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtor was not left with unreasonably small capital for the business and transactions with which it was engaged. *See* 11 U.S.C. § 548(a)(1)(B)(ii) and TEX. BUS. & COMM. CODE § 24.005(a)(2)(A).

g. Defendant asserts that the fraudulent transfer claims brought against her under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtor did not intend to incur or believe that they would incur, debts that would be beyond its ability to pay as such debts matured. *See* 11 U.S.C. § 548(a)(1)(B)(ii) and TEX. BUS. & COMM. CODE § 24.005(a)(2)(B).

      h.      Defendant asserts that the fraudulent transfer claims brought against her under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtor did not make any of the transfers at issue in this adversary proceeding to an insider under an employment contract outside the ordinary course of business. *See* 11 U.S.C. § 548(a)(1)(B)(ii).

      i.      Defendant reserves the right to raise any additional defenses, affirmative defenses, and avoidances that may arise after discovery is conducted.

29.    At least twenty-two (22) payments in the Trustee's chart in paragraph 9 of his Complaint, totaling $1,124,761.81 were deposits made by QIC from its operating account at Texas State Bank, to another account solely owned and controlled by QIC at Green Bank, styled QIC-Diversified Medical. The deposits in to the QIC-Diversified Medical account were used to pay for drug purchases made by QIC with ASD Healthcare and Besse Medical. The drugs purchases were used solely by QIC for its patients. Additional payments in the Trustee's chart were also intra-company transfers from QIC's operating account to its Green Bank account.

30.    Defendant reserves the right to raise any additional defenses, affirmative defenses, and avoidances that may arise after discovery is conducted.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Patricia D. Salvato, M.D. prays that this Court find in her favor of all issues, deny all claims of the Plaintiff, and award her reasonable attorney's fees as described above, award costs of court and grant her such other and further relief to which she may be justly entitled.

Respectfully submitted this 19th day of May 2013.

*/s/ Leonard H. Simon*
Leonard H. Simon, Esq.
TBN: 18387400; SDOT: 8200
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 727-8207 (Direct Line)
(832) 202-2810 (Telecopy)
lsimon@pendergraftsimon.com
**ATTORNEY IN CHARGE FOR DEFENDANT PATRICIA SALVATO, M.D.**

**OF COUNSEL:**
**PENDERGRAFT & SIMON, L.L.P.**
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Telephone)
(832) 202-2810 (Telecopy)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically transmitted to the District Clerk for the United States Bankruptcy Court, Southern District of Texas, for filing on May 19, 2013, and electronic notice was given to the following ECF registrants:

Via ECF and Email:  **jwolfshohl@porterhedges.com**
For Randy W. Williams, Chapter 7 Trustee
Joshua W. Wolfshohl
Joshua N. Eppich
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002

*/s/ Leonard H. Simon*
Leonard H. Simon

on